UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Martinez v. Optimus Properties, LLC and related actions | Date | December 21, 2017 |
|---|---|---|---|
| Title | CV 17-3581, 17-3582, 17-3583, 17-3584, and 17-3585 SVW (MRWx) | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Mel Zavala | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None present | | None present |

**Proceedings:**   ORDER RE: DISCOVERY MOTION

   1.   The Court recently conducted another lengthy hearing regarding the discovery disputes in this contentious housing rights case.  (Docket # 29, 56.)  Following the hearing, the Court reviewed submissions from Defendants regarding the burden of responding to Plaintiffs' discovery requests (Docket # 57-59) and Plaintiffs' response.  (Docket # 62.)

   2.   According to Plaintiffs' "streamlined" motion (Docket # 43), the disputes involve six Rule 34 requests for production across the related cases.  The Court resolved the first dispute (RFP No. 2 – "Yardi" computer reports) in Plaintiffs' favor at the hearing.  The Court directed the defense to run the requested database reports (or explain why it was unable to do so) within a specific timeframe.  Defendants' objections to the request were either poorly taken or without adequate support.[1]

   3.   Shortly after the hearing, an executive of Defendants submitted a declaration to the Court indicating that the reports "can technically be generated," but "many contain no data because no data relevant to these Yardi reports has ever been input by Defendants."  (Docket # 58 at 5.)  Other reports contain information about extraneous issues and will be subject to this Court's protective order.  The defense will promptly produce the reports as previously ordered.

---

   [1]   In the parties' earlier massive and unreadable submission (Docket # 29), Defendants recited numerous objections to the document requests.  However, in the opposition to the "streamlined" motion, the defense stood on and explained a smaller subset of those objections.  It is those arguments that the Court addresses in this order.  As a result, the Court declines Ms. Tatikian's offer to evaluate objections raised in the parties' correspondence rather than those properly presented to the Court for consideration.  (Docket # 59 at 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Martinez v. Optimus Properties, LLC and related actions | Date | December 21, 2017 |
|---|---|---|---|
| Title | CV 17-3581, 17-3582, 17-3583, 17-3584, and 17-3585 SVW (MRWx) | | |

\* \* \*

4.	As to the remaining requests, two key principles guide the Court's review of the motion. First, a litigant is entitled to conduct pretrial discovery regarding "any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). Second, relevant discovery must be "proportional to the needs of the case, considering [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

5.	The resolution of most discovery disputes, including issues regarding the "proportionality" component of Rule 26(b)(1), typically involves the exercise of judicial discretion. SEC v. Chen, No. CV 15-7425 RGK (PLAx), 2016 WL 3598108 (C.D. Cal. 2016); Mireskandari v. Mayne, No. CV 12-3861 JGB (MRWx), 2016 WL 1165896 (C.D. Cal. 2016). Review is for abuse of discretion. Cal. Dep't of Soc. Servs. v. Leavitt, 523 F.3d 1025, 1031 (9th Cir. 2008) (denial of discovery motion "ordinarily reviewed for abuse of discretion")

6.	Plaintiffs' motion to compel production of "marketing materials, advertisements, and/or [sic] brochures" regarding Defendants' Koreatown properties (RFP No. 9) is GRANTED. Promotional items related to the Subject Properties and other buildings within the defined area can be relevant to Plaintiffs' pattern-or-practice allegations. Independent Living Center of So. Cal. v. City of Los Angeles, 296 F.R.D. 632, 636 (C.D. Cal. 2013) (collecting cases). The defense objection that publicly disclosed marketing and advertising materials somehow contain "proprietary business information and trade secrets" (Docket # 50 at 29) is illogical and frivolous. Defendants will produce all responsive items in their possession or control.

7.	However, if the definition to this RFP (not accessible to the Court) demanded production of draft or unused marketing materials, Defendant need not produce those items. Such a request is facially unlikely to call for relevant documents evincing discriminatory conduct, and does not appear to have "importance [ ] in resolving the issues" in dispute. Fed. R. Civ. P. 26(b)(1).

8.	RFP No. 10 seeks the production of materials and communications sent to investors regarding Defendants' Koreatown properties. Plaintiffs suggest that those items "will demonstrate Defendants' discriminatory motivations" and disprove the defense contention that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Martinez v. Optimus Properties, LLC and related actions | Date | December 21, 2017 |
|---|---|---|---|
| Title | CV 17-3581, 17-3582, 17-3583, 17-3584, and 17-3585 SVW (MRWx) | | |

there was "a legitimate, non-discriminatory business reason for their conduct." (Docket # 43 at 31-32.) Perhaps, although there's some amount of guesswork underlying that argument.

      9.      But the defense does not resist this request on relevance or proportionality grounds – or certainly not in a manner that conforms with the requirements of Rule 34. The defense states that some materials related to the purchase of certain buildings have been produced or don't exist. (Docket # 50 at 30-31.) Defendants do not articulate whether other materials have been withheld from production. Fed. R. Civ. P. 34(b)(2)(B-C) ("For each item or category, the response must [ ] state with specificity the grounds for objecting to the request, including the reasons[.] An objection must state whether any responsive materials are being withheld on the basis of that objection.").

      10.      Instead, it appears that the defense merely claims that the request is overbroad and seeks "proprietary" information. (Docket # 50 at 31-32.) That bare argument is insufficient and unconvincing. A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (conclusory and general objections "are improper – especially when a party fails to submit any evidentiary declarations" in support of a contention of burdensomeness or expense); Zuniga v. Western Apartments, No. CV 13-4637 JFW (JCx), 2014 WL 2599919 at *2 (C.D. Cal. 2014) (same as applied to FHA action). The motion to compel is therefore GRANTED as to this request. Defendants may avail themselves (with proper justification) of the confidentiality designation process in the Court's protective order for these materials.

      11.      RFPs Nos. 12 and 13 seek documents sufficient to identify the owners and operators of the named defendants and the subject properties and their net worth. Plaintiffs posit that this information relates to their alter ego allegations and potential punitive damages claims. (Docket # 43 at 34 et seq.)

      12.      Within certain logical limits, those requests are reasonable, proportional, and enforceable. Defendants will provide documents sufficient to identify all non-passive owners of the parties in the action. Purely passive investors in the properties / management companies and information regarding non-party properties in Koreatown are not facially relevant to any aspect of this action. Moreover, Plaintiffs' demand for "all documents that constitute, describe, reflect, record, mention, comment upon, or otherwise refer to Defendants' management and operation" is obviously overbroad and improper.

      13.      Defendants fail to convincingly demonstrate why the production of selective net worth documentation at this stage of expedited discovery and pretrial proceedings – and with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Martinez v. Optimus Properties, LLC and related actions | Date | December 21, 2017 |
|---|---|---|---|
| Title | CV 17-3581, 17-3582, 17-3583, 17-3584, and 17-3585 SVW (MRWx) | | |

the protections of this Court's order to prevent misuse – should not be ordered. The Court exercises its discretion to GRANT the motion to compel as modified above.

\* \* \*

      14.    That leaves Plaintiffs' request for a broad variety of electronic communications and files (RFP No. 4 – non-Yardi ESI). This is the hardest category of discovery to resolve, primarily because of gaping problems with the parties' presentations.

      15.    As best as the Court can determine from the pleadings and the lawyers' letters to each other, Plaintiffs want to search the cell phones, e-mail accounts, Dropboxes, and other electronic canisters of Defendants for evidence of discriminatory conduct. The search terms that Plaintiffs propose range from mundane words to overtly racist epithets. (Docket # 43-2 at 40.) The timeframe for which Plaintiffs seek materials covers several years. And the custodians – perhaps 16 people, but explicitly "not limited" to that number – range from principals in the Defendants' organization to line-level maintenance staff.

      16.    On their face, the ESI requests present obvious proportionality problems. Plaintiffs offer little beyond anecdotal speculation to demonstrate the likelihood that these searches will yield relevant information. (Docket # 43 at 28 (Plaintiffs "expect" that ESI "will tend to show" pattern of discrimination).) Moreover, the authorities Plaintiffs cite do not demonstrate that such a burdensome and open-ended data-mining request is "routinely" granted by federal courts, or that the default setting in federal litigation should be the production of every conceivable electron in the possession of the opposition.

      17.    Yet, Defendants' attempt to demonstrate the burden of the requests is profoundly unconvincing. The defense's arbitrarily-imposed limitation on searches involving only the named Plaintiffs is unwarranted in light of the nature of the allegations in the case. Mr. Mickelson's conclusory declaration (which the Court leniently allowed the defense to submit months after it asserted its burden-based objections with no supporting evidence) provided no insight into how he calculated his $40,000 and $300,000 cost-to-search estimates. (Docket # 57 at 10.) Moreover, the Court can't evaluate the burden of these costs – assuming that they're accurate – on the defense. Defendants failed to provide any no factual basis for the Court to conclude whether Defendants are a sophisticated commercial business organization (able to absorb the cost of a litigation-related expense) or a mom-and-pop group (deserving of heightened protection under Rule 26).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Martinez v. Optimus Properties, LLC and related actions | Date | December 21, 2017 |
|---|---|---|---|
| Title | CV 17-3581, 17-3582, 17-3583, 17-3584, and 17-3585 SVW (MRWx) | | |

      18.     All of this hinders the Court in determining the appropriate scope of electronic discovery. If the Court were to attempt to apply the proportionality factors of Rule 26, several weigh in Plaintiffs' favor (importance of issues in litigation, relative access to info, parties' resources). But the factors that ordinarily drive a court's decision-making – the importance of the proposed discovery and the burden v. likely benefit analysis – are entirely unclear and unproven to the Court by both sides.

      19.     So, let's go in another direction. Some aspects of Plaintiffs' search requests (all devices for numerous people with unfettered search terms) are presumed to be inappropriate. Others are not. Therefore, in the absence of a workable agreement between the parties and in the cautious exercise of its discretion, the Court concludes that Defendants will search the primary e-mail accounts of Messrs. Shabani, Mickelson, Willingham, and three other individuals of Plaintiffs' choice for the search terms listed under "practices" in Ms. Aviad's September 29 letter. (Docket # 43-2 at 40-41.) If those results yield information productive to the litigation, Plaintiffs may request that the defense expand the searches to other individuals, devices, or other sensible parameters.

\* \* \*

      20.     The Court directs Defendants to substantially complete the productions described above by January 10. That deadline takes into account: the delays in discovery to date; the narrowing of several key requests by this ruling; and Judge Wilson's denial of the parties' request to extend key dates in the litigation. (Docket # 63.)

      21.     Finally, the Court declines to award fees pursuant to Rule 37(a)(5). Such an award is typically mandatory to a winning party in a discovery motion. But a court "must not order" payment of fees if the opposing party's conduct was substantially justified or if "other circumstances make an award of expenses unjust." The Court hesitates to label the defense's tactics as justified in the present case. Nevertheless, the scope and nature of Plaintiffs' discovery requests and the mutual conduct of the parties lead the Court to conclude that an award of fees is unwarranted.