# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | Martinez v. Optimus Properties, LLC and related actions | Date | May 9, 2018 |
| Title | CV 17-3581, 17-3582, 17-3583, 17-3584, and 17-3585 SVW (MRWx) | | |

Present: The Honorable   Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**   ORDER RE: DISCOVERY MOTIONS

    1.    The Court conducted an extensive and productive hearing with the parties' lawyers regarding two relatively discrete discovery motions. One sought production of specific materials related to tenants and building staff at the six "subject properties" identified in the actions. (Docket # 97.) The other motion addressed materials involving other properties that the Shabanis own or owned in Los Angeles. (Docket # 117.) For the reasons stated at the hearing, the motions are GRANTED with modifications.

    2.    A prefatory note regarding the first motion. Plaintiffs requested the production of tenant folders, rent rolls, and Dropbox/Gmail account materials for the subject properties. The Court declines to take up (OK, it affirmatively ducks) whether Plaintiffs properly requested this discovery last year when it sent out its broadly-worded Rule 34 requests. If so, they probably complied substantially with their obligation to meet and confer with the defense as required by the Local Rules. If not (as the defense colorably contends), then the motion is premature and the parties' dispute is unripe for the Court's intervention.

    3.    But, as explained at the hearing, the Court concludes that the discovery is relevant, not disproportional to the case, and not subject to any other convincing argument against production. Additionally, Plaintiffs likely cured the defects in their discovery requests by serving more precise demands earlier this year in parallel with the motion. Given the parties' combative history and the looming pretrial deadlines in the actions, it is in the interests of justice for the Court to take up the discovery issues now (and, if needed, excuse any perceived procedural errors of the parties).

* * *

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Martinez v. Optimus Properties, LLC and related actions | Date | May 9, 2018 |
|---|---|---|---|
| Title | CV 17-3581, 17-3582, 17-3583, 17-3584, and 17-3585 SVW (MRWx) | | |

4. So, off we go. As the Court previously stated, its review of a discovery dispute is governed under Rule 26 by principles of relevance and proportionality. A litigant is entitled to conduct pretrial discovery regarding "any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant discovery must be "proportional to the needs of the case, considering [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. A district court's discovery ruling is ordinarily reviewed for abuse of discretion. Cal. Dep't of Soc. Servs. v. Leavitt, 523 F.3d 1025, 1031 (9th Cir. 2008).

5. At the hearing, Defendants did not strenuously oppose the production of the rent rolls (leasing information regarding tenants at the time that the Shabanis acquired the subject properties). The defense agreed to produce these items by May 16.[1]

6. Similarly, the Court directs Defendants to produce the tenant folder and Dropbox/Gmail materials by May 23. The Court finds that the requested items are potentially relevant to Plaintiffs' discrimination claims. Moreover, after Plaintiffs' questioned Defendants' employees regarding their office procedures, the now-focused discovery requests do not appear to be unduly burdensome or likely to sweep up irrelevant information. As the Court previously noted, the Rule 26 protective order imposes significant limitations and procedures on the parties that will reasonably address the privacy issues that Defendants continue to raise.

\* \* \*

7. Turning to the second motion, Plaintiffs seek discovery regarding properties that the Shabanis bought (and, in some circumstances, quickly sold) in Los Angeles that are not directly involved in the lawsuit. Plaintiffs argue that the Defendants engaged in discriminatory conduct against tenants in those buildings in a manner resembling what occurred in the subject properties. They seek records regarding those tenants, the solicitation of investors in the property deals, and the marketing of the buildings that the Shabanis ultimately sold.

---

[1] For all items to be produced pursuant to this order, Defendants will produce them in the requested electronic format or in native format. Rule 34(b)(2)(D-E). The parties will immediately meet and confer if any further dispute arises on this point.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Martinez v. Optimus Properties, LLC and related actions | Date | May 9, 2018 |
|---|---|---|---|
| Title | CV 17-3581, 17-3582, 17-3583, 17-3584, and 17-3585 SVW (MRWx) | | |

8.  As the Court previously noted, information regarding similar properties owned or operated by the named defendants can be relevant to Plaintiffs' pattern-or-practice allegations. Independent Living Center of So. Cal. v. City of Los Angeles, 296 F.R.D. 632, 636 (C.D. Cal. 2013) (collecting cases). The Court has little hesitancy in finding that the requested items have some potential relevance under Rule 26.

9.  The defense's objections to these document requests center on proportionality grounds. But rather than take up the specific provisions set forth in the rule and weighing them, Defendants more generally say something like "Enough already" (or the stirring West Point security analogy that Mr. Reagan provided at the hearing).

10. The Court is absolutely concerned about the one-sided burden of discovery in this action to date. The proportionality requirements in the 2015 revision to Rule 26 – and the Court's adherence to this mode of analysis – are intended to ensure that the discovery tail doesn't wag the litigation dog in cases like these.

11. So, although the Court finds the requested items to be relevant to the parties' claims and defenses, that relevance is somewhat diminished by (a) Plaintiffs' access to tenant and building records for the subject properties and (b) the incremental potential value of records from the similar properties in these requests. And, as the significance of the items goes down, the Court also must consider the actual effort required to obtain and produce the materials. Put another way, how do factors 5 and 6 of the Rule 26(b)(1) test play out?[2]

12. Closely, I'd say. Plaintiffs claim that most of the work to obtain the requested items will be to click-and-drag files to a flash drive. Defendants don't really challenge that, and offer minimal evidence regarding the anticipated cost of complying with the discovery demand. The exception is the patently broad demand for all tenant files for the non-subject properties. The hope that there's proof of discrimination in those records ("shards" of evidence, and Mr. Brancart evocatively called them) is firmly outweighed by the effort in obtaining, reviewing, and producing them. Needles may remain in the tenant file haystacks for the time being.

---

[2] The first four factors weigh in Plaintiffs' favor, but not conclusively so. This is a large case raising significant civil rights issues (factors 1-2). The information regarding Defendants' tenants, properties, and business plans are obviously in their control (factor 3). Finally, although Plaintiffs have some high-powered lawyers gunning hard, the defense possesses considerable resources as a major property player in our city (factor 4). The remaining factors are the game changers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | Martinez v. Optimus Properties, LLC and related actions | Date | May 9, 2018 |
|---|---|---|---|
| Title | CV 17-3581, 17-3582, 17-3583, 17-3584, and 17-3585 SVW (MRWx) | | |

13. Also, Plaintiffs failed to convincingly demonstrate why the Eleanor and Wetherly Avenue properties have any real connection to the other Koreatown or Koreatown-adjacent buildings. If a line needs to be drawn for discovery, drawing it in geographic proximity to that area feels like a workable basis for determining the "likely benefit" of the discovery.

14. So, the Court concludes that Plaintiffs should receive some amount of material from the similar properties. Defendants will produce Yardi Report 8 tenant reports for the Irolo, Fedora, First, Rampart, and San Marino Street properties as of the last relevant dates. (Plaintiffs haven't convinced the Court that the overlapping Yardi Report 10 tenant summaries will be non-cumulative. No need to produce the second report.)

15. The Court also will require Defendants to produce the rent roll information from the time for those buildings as of the date of their acquisition. Plaintiffs adequately explained the potential evidentiary value of the before-and-after data that may plausibly be derived from these two sets of material. Similarly, Defendants will produce the investment memoranda and packages for the five listed properties. These materials will be subject to the Court's ongoing protective order. Production of all of these materials will be substantially completed by May 23.

16. The Court denies Plaintiffs' request for the "complete copy of the electronic tenant file stored on defendants' file server [ ] for each household that occupied a dwelling unit" in these buildings. (Docket # 117-1 at 14.) As noted above, there's an obvious burden and little non-speculative upside likely to result from production of another set of records of 180+ tenants (factors 5 and 6). (Id. at 29.) That's not proportional to the issues in the case at present.

\* \* \*

17. As in the Court's December 2017 decision, the Court declines to award fees pursuant to Rule 37(a)(5). Defendants may be inching closer to such an award by slow-playing discovery and relying on privacy objections that the Court already addressed through the entry of a protective order. On the other hand, the Court has no clear sense as to how the meet-and-confer process intersected with Plaintiffs' big-then-little document demands. Motion practice may have been the inevitable – and, therefore, "substantially justified" – result of the process. No fees today.